

FILED
8/17/2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JJR

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CORDERO HIGHTOWER, ) | |
| ) | No. 17-CV-3543 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Wood |
| ) | |
| CITY OF CHICAGO; ) | |
| STEPHEN BERANEK; CLAUDE DIEZ; ) | |
| LISA EITEL; JAMES KOSKI; HAKEEM QUAZI ) | |
| NICOLE THOMPSON; JOHN GENOVA; ) | |
| TIMOTHY DODERO; ANGEL CORREA; ) | |
| THOMAS MALONEY; EDUARDO CORNEJO ) | Jury Demanded |
| RUSSELL RACHUBINSKI; ANDREW ) | |
| LEWANDOWSKI; JOHN SZCZESNIAK; ) | |
| JOHN DZIELSKI ) | |
| Defendants. ) | |

## **FIRST AMENDED COMPLAINT**

NOW COMES the plaintiff Cordero Hightower by his attorneys Brian W. Coffman, Coffman Law Offices, Mark F. Smolens, Richard R. Mottweiler, and Nicole L. Barkowski, Mottweiler and Smolens, LLP, and as his first amended complaint states the following:

1. This action seeks damages under federal law, Title 42 U.S.C. Section 1983, for defendants' actions of July 31, 2016, which violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. Sections 1331 and 1343. Venue in this District is predicated upon Title 28 U.S.C. Section 1391(b) as all events giving rise to the claims asserted herein took place within this Northern District of Illinois.

3. At all times material hereto, the plaintiff, Cordero Hightower, was a resident

1

of the City of Chicago, County of Cook, State of Illinois, in this District, and entitled to be free from unlawful search and seizure, and the malicious conduct of police officers and firefighters/EMTs/paramedics employed by the municipal defendant City of Chicago.

4. At all times material hereto defendants Chicago police officers, Stephen Beranek (Star 6356), Claude Diez (Star 6153), Lisa Eitel (Star 2075), James Koski (Star 11105), Hakeem Quazi (Star 4002), and Nicole Thompson (Star 1091), were sworn law enforcement officers employed by the City of Chicago. At all times material hereto the said individual defendant police officers were acting under color of state law and within the scope of their employment with the City of Chicago and its Police Department. Defendant Chicago police officers are sued individually.

5. At all times material hereto defendants John Genova, Timothy Dodero, and Angel Correa, were EMTs/paramedics employed by the City of Chicago. At all times material hereto the said defendant EMTs/paramedics were acting under color of state law and within the scope of their employment with the City of Chicago and its Fire Department. Defendant EMTs/paramedics are sued individually.

6. At all times material hereto defendants Thomas Maloney, Eduardo Cornejo, Russell Rachubinski, Andrew Lewandowski, John Szczesniak, and John Dzielski were firefighters employed by the City of Chicago Fire Department. At all times material hereto, the said defendant were acting under the color of state law and within the scope of their employment with the City of Chicago and its Fire Department. Defendant firefighters are sued individually.

7. The City of Chicago is an Illinois municipal corporation and body politic located in Cook County, Illinois. At all relevant times hereto, the City of Chicago was the

2

employer of defendant police officers and firefighters/EMTs/paramedics involved in varying degrees in the events at issue. The City of Chicago is named as a party defendant in this litigation as a potential indemnitor for any compensatory damages awarded in this case against its defendant employees.

## Common Facts

8. On July 31, 2016, at or around 10:50 pm, plaintiff, Cordero Hightower was outside an apartment building located at 1400 N. Lake Shore Drive Chicago, Illinois attempting to hail a taxi.

9. Shortly thereafter, Chicago police officer(s) approached plaintiff, and asked plaintiff what he was doing.

10. Plaintiff informed the officer(s) that his girlfriend lived in an apartment at 1400 N. Lake Shore Drive, that he had a key to that apartment, and that he was attempting to hail a taxi, but none of the taxis in the area would stop for him.

11. Shortly thereafter, additional City of Chicago police officers and paramedics, John Genova, Timothy Dodero, and Angel Correa arrived on scene.

12. Around the same time, firefighters Thomas Maloney, Eduardo Cornejo, Russell Rachubinski, Andrew Lewandowski, John Dzielski, and John Szczesniak also came on scene.

13. Upon information and belief, there was discussion among the police officers, paramedics and firefighters whether plaintiff would be taken to the hospital by the paramedics, allegedly for medical treatment.

14. As a result of this discussion, defendant police officers, paramedics, and firefighters, decided that plaintiff would be taken voluntarily or involuntarily to a hospital

for medical treatment.

15. Plaintiff declined medical treatment and went inside the building at 1400 N. Lake Shore Drive.

16. Defendant police officers, paramedics, and firefighters followed plaintiff into the building at 1400 N. Lake Shore Drive.

17. In an attempt to forcibly remove plaintiff, against his will and without his consent, police officers, paramedics, and firefighters placed plaintiff in a chokehold, tackled plaintiff to the ground, kicked plaintiff in the head, and struck plaintiff about his body.

18. Although purportedly being removed from the building for his own "well-being," plaintiff Hightower was forcibly handcuffed by the defendants.

19. Additionally, Lisa Eitel (Star 2075), a female police officer in a white shirt, shocked plaintiff with a stun gun at least four times.

20. Plaintiff was transported to Northwestern Hospital via ambulance where he was treated for the injuries that he sustained by defendant police officers, paramedics, and firefighters.

21. At no time as the result of his conduct on July 31, 2016, while in the presence of the defendants was plaintiff Cordero Hightower ever charged with violating any laws or statutes of the State of Illinois, or ordinances of the City of Chicago.

22. By reason of the above-described acts and omissions of the defendants plaintiff sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

23. The aforementioned acts of the defendant police officers, paramedics, and

firefighters were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

24. By reason of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiffs request payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

### Fourth Amendment (§ 1983 claims)

25. Plaintiff adopts and re-asserts the allegations of paragraphs one through twenty four, above, as and for the allegations of this paragraph twenty five.

26. At all times relevant hereto, plaintiff had the right to be free from unreasonable seizures and excessive force from state actors such as defendant police officers, paramedics, and firefighters, as protected by the Fourth and Fourteenth Amendments to the Constitution of the United States.

27. As described above, defendant police officers, paramedics, and firefighters violated plaintiff's right to be free from unreasonable seizures in that the seizure and arrest of plaintiff by police officers, paramedics, and firefighters, was without any legal cause.

28. As described above, defendant police officers, paramedics, and firefighters violated plaintiff's right to be free from unreasonable seizures and excessive force with their concerted unlawful and malicious physical abuse in the manner in which they seized

5

plaintiff and forcibly removed Cordero Hightower from 1400 N. Lake Shore Drive.

29. As a result of their concerted unlawful and malicious physical abuse of Cordero Hightower, defendant police officers, paramedics, and firefighters intentionally, or with deliberate indifference and callous disregard of plaintiffs' rights, deprived him of his right to be free from unreasonable seizures and excessive force in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

30. These actions by the defendants proximately caused plaintiffs to suffer physical injuries, pain, humiliation, and emotional trauma and suffering.

31. On information and belief, certain of the defendant City of Chicago police officers, paramedics, and firefighters were present the during the events alleged above, but played no personal role in the actual use of force on the plaintiff, and these individuals had a reasonable opportunity to prevent the harm done to and could and should have intervened to prevent the individual defendant's unjustified and excessive use of force. As a result of that failure to intervene, Cordero Hightower suffered pain and injury, as well as emotional distress.

32. The aforementioned acts of the defendant police officers, paramedics, and firefighters were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

WHEREFORE, plaintiff respectfully request that judgment be entered in his favor, and that compensatory damages, punitive damages (against the individual defendants) be awarded in an amount to be determined by the jury, plus an award to the plaintiff pursuant to Title 28 U.S.C. § 1988 for attorney's fees and costs, in addition to any other relief from this Court deemed just and proper.

/s/ Mark F. Smolens
One of the attorneys for plaintiff

RIAN W. COFFMAN #6285942
COFFMAN LAW OFFICES
2615 N. Sheffield
Suite #1
Chicago, IL 60614
773-348-1295
bcoffmanlaw@gmail.com

MARK F. SMOLENS #6190482
RICHARD R. MOTTWEILER #3123509
NICOLE L. BARKOWSKI #6295834
MOTTWEILER & SMOLENS
1627 Colonial Parkway
Inverness, IL 60067
ryansmolensjones@hotmail.com
tcblaw@aol.com